UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| CHRISTOPHER L. BURDINE | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-21 |
| | ) | |
| GLEAN PILLIERS, WASHINGTON | ) | |
| COUNTY DETENTION CENTER, | ) | |
| M. HALL, LT. MENTHORN, | ) | |
| NERSE PAT, and OFFICER RUSSO | ) | |

**MEMORANDUM and ORDER**

This is a *pro se* civil rights action for injunctive relief and damages filed under 42 U.S.C. § 1983. The plaintiff is Christopher L. Burdine, who was a prisoner in the Washington County Detention Center (WCDC) in Jonesborough, Tennessee at the time of filing.[1] Plaintiff's application to proceed *in forma pauperis*, which reflects that he lacks sufficient financial wherewithal to pay the filing fee (Doc. 1), is **GRANTED**.

I. **Screening the Complaint**

In his standardized complaint form and handwritten attachment, plaintiff alleges multiple claims. The Court must now review the complaint to determine whether it

---

[1] Plaintiff has been released from confinement. (Compl. at 5).

states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

## II. Plaintiff's Allegations

The claims contained in the complaint have been divided into categories to facilitate the screening process.

### A. *Claims for Injunctive Relief*.

At the outset, there are problems with plaintiff's claims for injunctive relief. This is so because a prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff has been discharged from his imprisonment; his release from the WCDC has rendered these particular claims moot.

### B. *Claims against Defendant Glean Pilliers*.

In this category, plaintiff makes the allegations which follow. Several times, plaintiff asked WCDC nurse Glean Pilliers if he (plaintiff) could speak with his doctor, but defendant nurse just gave him some medication that made him feel sick. Plaintiff, who is HIV-positive, also informed this defendant that he needed to make an

outside appointment to see his doctor, but he (plaintiff) never got a chance to do that. Further, when plaintiff approached defendant Pilliers's desk to have his blood pressure checked, defendant embarrassed plaintiff by raising his voice at him as though he were a nobody.

Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. Defendant nurse did not disregard plaintiff's need for medical care: he gave him medications. *Farmer*, 511 U.S. at 835-36 (concluding that, by taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). The fact that plaintiff reports that it made him sick is not a constitutional matter but is, if anything, medical negligence.

Insofar as plaintiff's unfulfilled request to see a doctor is concerned, he has not described any problems he was having at that time with his HIV-positive condition that necessitated a visit with his doctor. The Eighth Amendment does not require that every request for medical care made by a prisoner be honored. *Fitzke v. Shappelle*, 468 F.2d 1072, 1076 (6th Cir. 1972). Moreover, plaintiff has presented no allegations of fact from which to infer that defendant Pilliers possessed the requisite state of mind of deliberate indifference. Absent contentions to show that this defendant knew that plaintiff was experiencing adverse symptoms as a consequence of being HIV-positive or that the undescribed symptoms exposed plaintiff to an excessive risk of harm, there is no viable claim of deliberate indifference. *Farmer*, 511 U.S. at 837 (finding deliberate indifference where prison official knows facts from which he could draw an inference of the existence of a substantial risk of harm *and where he actually draws the inference*) (emphasis supplied).

Additionally, embarrassing plaintiff by treating him as a nobody, as defendant Pillier is alleged to have done, does not impinge on plaintiff's rights. Though defendant's claimed behavior may be rude and unprofessional, it is not unconstitutional. *Ivey v. Wilson*, 832 F.2d 950, 954 (1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."). Defendant's alleged act of speaking to plaintiff in what he seemingly deems to be a disrespectful manner also does not infringe on plaintiff's rights. "[H]arassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa* 357 F.3d 539, 546 (6th Cir. 2004).

C. ***Request for Shoes***.

As the heading reflects, this class of claims involves footwear. Plaintiff maintains that he asked defendant Head Nurse Pat for his shoes because of his health condition. She replied, however, that it was up to the "officer shift." Plaintiff made the same request to defendant Officer Hall, who gave him a form to complete in order to obtain the shoes. Presumably, plaintiff submitted the form because he asserts that he never received a response from Lt. Menthorn (apparently, the officer with authority to grant the request).

Plaintiff does not allege the date(s) these things happened or any details

5

as to the medical condition from which he suffered that required him to wear specific shoes. While one could speculate that plaintiff's HIV-positive status somehow related to his request for particular footwear, a court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). As it is, these contentions are conclusory and they do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

D. *Privacy Violations*.

This fourth category involves privacy issues. As alleged in the attachment to plaintiff's complaint, defendant WCDC violated his right of privacy by talking about his health problems in front of other inmates. This disclosure forced plaintiff to lie and tell people that he had cancer, though the truth is that he is HIV-positive.

To state a viable § 1983 claim, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978). The first element is the one that is missing here.

The right to privacy arises under various constitutional amendments, *see*

*e.g.*, *Roe v. Wade*, 410 U.S. 113, 152-53 (1973) (1st, 4th, 5th, 9th, and 14th Amendments); *Griswold v. Connecticut*, 381 U.S. 479 (1965) (1st, 3rd -5th, 9th, and 14th Amendments), and it includes a right to privacy in certain kinds of information. *Whalen v. Roe*, 429 U.S. 589, 598-600 (1977). However, there is no <u>general</u> right to nondisclosure of private information in the Constitution: only those informational privacy interests that involve "fundamental" rights or ones that are "implicit in the concept of ordered liberty" rise to constitutional dimensions. *J.P. V. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981) (emphasis added). The Supreme Court has not announced a general rule that medical records enjoy constitutional protection from disclosure. *Id.* at 1088-90. Consequently, the Sixth Circuit has found that disclosure of medical records does not constitute a breach of a fundamental right. *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995). *See also Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994) (inmate's constitutional right to privacy not violated by disclosure to corrections officer of inmate's HIV infection).

Therefore, although the kind of casual, unjustified disclosure of confidential medical information as is alleged here may well be unprofessional, the plaintiff has not shown that he has been deprived of a right, privilege or immunity secured to him by federal law, and his allegations are insufficient to state a claim under § 1983. *See Jarvis*, 52 F.3d at 126.

E. *__Photocopies.__*

In this grouping of claims, plaintiff maintains that he asked for but did not receive copies of his request forms, inmate trust fund account statement, and sick call forms. Plaintiff gives no indication as to how these alleged deprivations violate his constitutional rights. Nor is there any information to link or connect a specific defendant to the supposed wrongdoing. Also, no dates are supplied as to when this supposed wrongdoing occurred. Conclusory allegations, as are these, do not state a claim for relief under § 1983. *Morgan*, 829 F.2d at 12.

F. *__Wrongful Confinement Conditions__*.

The sixth category involves alleged unconstitutional conditions in the WCDC. Plaintiff claims that he became ill because the toilets in the dorm back up into the day room, where he eats. He advised some unidentified persons that he could not be around germs because of his immune system, but this information was ignored.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Jail conditions which involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47

(1981). And, as noted previously, the Eighth Amendment is also transgressed when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle*, 429 U.S. at 106.

Here, assuming that WCDC's plumbing problem constituted an extreme deprivation, the Court sees nothing in the plaintiff's pleading to indicate that any of the named defendants knew about this condition. And it would be impossible for a defendant to disregard an excessive risk of serious harm of which he knew nothing. *Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.")

Because there are no allegations of fact to establish deliberate indifference, plaintiff has failed to state an Eighth Amendment claim for unconstitutional jail conditions or for denial of medical care and he is not entitled to relief under § 1983.

G. *Medical Appointment*.

The allegations in this last category of claims are associated with a scheduled physician's appointment. Plaintiff contends that a Judge Nighfer [sic] gave him a furlough to see his doctor in Johnson City. However, plaintiff missed his medical appointment because he was supposed to leave the WCDC at 7:30 a. m., but was not released until 7:45 a. m. and because he could not make it to Johnson City in

time for the 8:00 a. m. appointment.

Plaintiff's missed-appointment claim is based upon someone's releasing him from the WCDC fifteen minutes later than was needed to reach his doctor's office in time for the 8:00 a. m. appointment. Clearly, these allegations sound in negligence and, regrettably for plaintiff, it is well recognized that allegations of mere negligence will not entitle him to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, plaintiff fails to state a claim for a constitutional deprivation.

## III. Conclusion

For the aforementioned reasons, none of plaintiff's allegations state a claim entitling him to relief under § 1983. 28 U.S.C. § 1915(e)(2); § 1915A. This lawsuit will be dismissed accordingly.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
